ALLCARE HOSPICE, INC., f/k/a
Comforting Care Hospice, Inc.,
Plaintiff–Appellant,

v.

Kathleen SEBELIUS, Secretary, United
States Department of Health and Hu-
man Services, Defendant–Appellee.

No. 12–7081.

United States Court of Appeals,
Tenth Circuit.

Oct. 4, 2013.

Mark S. Kennedy, Kennedy, Attorneys
& Counselors at Law, Dallas, TX, Plain-
tiff–Appellant.

Michael Raab, Benjamin M. Shultz, U.S.
Department of Justice, Washington, DC,
Cheryl R. Triplett, Office of the United
States Attorney, Muskogee, OK, for De-
fendant–Appellee.

Before MATHESON, Circuit Judge,
PORFILIO, Senior Circuit Judge, and
O'BRIEN, Circuit Judge.

**ORDER AND JUDGMENT** *

JOHN C. PORFILIO, Senior Circuit
Judge.

Plaintiff AllCare Hospice, Inc. (AllCare)
provides hospice services to terminally ill
patients. AllCare receives reimbursement
from the Secretary of Health and Human
Services (Secretary) for hospice care pro-
vided to Medicare recipients. Congress
has set an annual limit, or cap, on aggre-
gate reimbursement for hospice services

provided to these Medicare recipients. In
the event that the amount reimbursed to a
provider such as AllCare exceeds the cap,
the Secretary is entitled to seek repay-
ment from the provider.

Between April 4, 2007 and December 7,
2010, the Secretary, acting through a fiscal
intermediary, issued several overpayment
notices to AllCare seeking repayment of
amounts allegedly overpaid during the
years 2003 through 2009. AllCare did not
immediately contest these overpayment
notices, but instead made arrangements to
pay the amounts due. On July 21, 2011,
however, AllCare filed appeals with the
Provider Reimbursement Review Board
(PRRB) from each of the notices in ques-
tion, challenging the Secretary's regulation
used to calculate the amounts due.

The PRRB dismissed AllCare's appeals
because they had not been filed within the
prescribed 180–day period for appeal, *see*
42 U.S.C. § 1395oo(a)(3) (establishing 180–
day deadline for appeal to PRRB), and
because AllCare had failed to show good
cause to receive an extension of time for
appeal. AllCare then sought review of the
PRRB's decision in district court. The
district court dismissed AllCare's petition
for review, reasoning that the PRRB's dis-
missal of AllCare's appeal and denial of a
good cause extension was not a "final deci-
sion" that was subject to judicial review
and the decision whether to grant such an
extension was in any event committed to
agency discretion and therefore unreview-
able. Given AllCare's failure to timely
exhaust its claims before the PRRB, the
district court determined it lacked jurisdic-
tion to address the merits of AllCare's

* After examining the briefs and appellate rec-
ord, this panel has determined unanimously
that oral argument would not materially assist
the determination of this appeal. *See* Fed.
R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without

oral argument. This order and judgment is
not binding precedent, except under the doc-
trines of law of the case, res judicata, and
collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed.
R.App. P. 32.1 and 10th Cir. R. 32.1.

claims. Nor was jurisdiction available under the federal question statute, 28 U.S.C. § 1331, the so-called *Bowen* exception, the *Kyne* doctrine, or through a petition for writ of mandamus. Finally, AllCare lacked standing to assert one of its arguments—a challenge to the Secretary's regulation concerning expedited judicial review.

"Our review of the district court's dismissal for lack of subject matter jurisdiction is de novo," *Full Life Hospice, LLC v. Sebelius,* 709 F.3d 1012, 1016 (10th Cir. 2013) (internal quotation marks omitted), as is our review of a dismissal based on lack of standing, *Petrella v. Brownback,* 697 F.3d 1285, 1292 (10th Cir.2012). On appeal, AllCare raises the following arguments: (1) the district court erred in finding it lacked subject-matter jurisdiction to review AllCare's claims; (2) the district court erred in its determination concerning AllCare's standing; and (3) jurisdiction over its claims was available under the Mandamus Act, 28 U.S.C. § 1361. Having carefully reviewed the briefs, the record, and the applicable law, we affirm the district court's judgment for substantially the reasons stated in its well-reasoned Order and Opinion of October 23, 2012.

O'BRIEN, J., concurring in the result.

AllCare is not entitled to judicial relief from the Board's decision. My only concern with the district court's decision is the dismissal of Count Five for lack of jurisdiction (it alleged the Board arbitrarily and capriciously denied its motion for an extension of time to file its claim).

AllCare sought a good cause extension of time to file the subject claim. Such an extension is permitted by regulation, 42 C.F.R. § 405.1836, but not expressly permitted by statute. The same regulation, 42 C.F.R. § 405.1836(e)(4), insulates the Board's good cause determination from judicial review.

Concern arises from an immigration case, *Kucana v. Holder,* 558 U.S. 233, 130 S.Ct. 827, 175 L.Ed.2d 694 (2010). What I take away from that decision is that Congress can insulate agency decisions from judicial review but an agency cannot, without congressional authorization, do the same. Whether such authorization exists is, at bottom, a matter of statutory construction.

The Medicare statute permits judicial review of "any final decision of the Board." 42 U.S.C. § 1395oo(f)(1). The district court determined "final decision of the Board" to be an ambiguous phrase and afforded *Chevron*[1] deference to regulations defining final decision and specifying the type of decisions subject to judicial review. It did not mention *Kucana,* probably because the case was not argued (it is not mentioned in AllCare's filings in this Court).

The district court's dismissal of Court Five for lack of jurisdiction may be correct even though the *Kucana* decision was not considered. In any event, the Board was not arbitrary and capricious in refusing to extend the filing date beyond the 180 days provided by the statutes. Accordingly, I readily vote to affirm, but am unwilling to do so "for substantially the reasons stated in [the district court's] well-reasoned Order and Opinion of October 23, 2012."

---

1. *Chevron U.S.A., Inc. v. Nat'l Res. Def. Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).